UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN BRABENDER, in his individual capacity and on behalf of others similarly situated,<br><br>                      Plaintiff,<br><br>  – against –<br><br>MARINEMAX, INC. d/b/a MARINEMAX NORTHEAST, LLC,<br><br>                      Defendant. | COMPLAINT<br><br>Case No.:<br><br>**Jury Trial Demanded** |

Plaintiff, **CHRISTIAN BRABENDER** (hereinafter, "Plaintiff"), by and through his attorneys, **ZABELL & COLLOTTA, P.C.** complains and alleges as follows:

## I.    INTRODUCTORY STATEMENT

1. Plaintiff brings this action seeking monetary damages and affirmative relief based upon Defendant's violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.;* the New York State Labor Law, N.Y. LAB. LAW §190 *et seq.*, the New York State Department of Labor Regulations ("NYDOL Regs"), 12 N.Y.C.R.R. §142-2.2, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.*, that he is entitled to recover from Defendant: (1) a statutory minimum wage for all hours worked; (2) liquidated damages; and (3) attorneys' fees and costs.

3. Plaintiff alleges, pursuant to the New York Labor Law, that he is entitled to recover from Defendant: (1) a statutory minimum wage for all hours worked; (2) liquidated damages; (3) double damages; and (4) attorneys' fees and costs.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

5. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367 and other appropriate rules, regulations, statutes and ordinances.

6. The unlawful employment practices alleged below were committed within the State of New York, County of Suffolk. Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. THE PARTIES

8. Plaintiff is a citizen of New York and resides in Suffolk County.

9. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the New York Labor Law, N.Y. LAB. LAW § 190(2) (McKinney 1986, Supp. 2001).

10. Upon information and belief, Defendant, Marinemax, Inc. (hereinafter "Marinemax" or "Defendant") is a foreign business corporation with its

2

headquarters located at 2600 McCormick Drive, Suite 200, Clearwater, Florida 33759.

11. Upon information and belief, Marinemax Northeast, LLC is or was a wholly owned subsidiary of Defendant Marinemax, Inc.

12. Upon information and belief, Defendant ceased its business operations at its location at 846 S. Wellwood Avenue, Lindehurst, New York 11757, in or around late 2019.

13. At all times relevant to the Complaint, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the New York Labor Law, N.Y. LAB. LAW § 190(3) (McKinney 1986, Supp. 2001).

14. Upon information and belief, at all times relevant to the Complaint, Defendant has been an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to its operation of a marine dealership.

15. Upon information and belief, at all times relevant to the Complaint, Defendant employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to its operation of a marine dealership.

16. Upon information and belief, at all times relevant to the Complaint, Defendant employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling,

selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with its operation of a marine dealership.

## IV.  FACTS

17. Plaintiff repeats and realleges each and every allegation contained herein.

18. Plaintiff was hired by Defendant in or around 2012-2013 as a commissioned Sales Representative.

19. As such, Plaintiff was to be compensated pursuant to the terms and conditions of a commission agreement which was executed by Plaintiff and Defendant.

20. Throughout the term of Plaintiff's employment with Defendant, he performed the essential functions of his position in a more than satisfactory manner and generated substantial sales revenue for Defendant.

21. In fact, Plaintiff was a member of Defendant's "Chairman Circle" during four (4) years of his employment. This designation is awarded to the top performing salespeople in Defendant's company.

22. Despite this fact, Defendant consistently violated the terms of Plaintiff's commission agreement.

23. By way of example, throughout his tenure, Defendant, without advising Plaintiff, deviated from the terms and conditions of the commission agreement.

24. Specifically, Plaintiff was denied compensation for all earned commission at the rate of twenty percent (20%) as stipulated by his commission agreement with Defendant.

25. Defendant manipulated Plaintiff's sales deals regularly charging non-specified fees in the form of "PACS", freight charges, manufacturer rebates, cash on delivery ("c.o.d.") discounts and "make ready charges", none of which were provided for in Plaintiff's commission agreement. The net effect of which lowered Plaintiff's commissions on completed sales below the called for 20% percentage.

26. Defendant withheld from Plaintiff the sums attributable to the non-specified fees set forth in paragraph 23 above.

27. Defendant intermittently discounted Plaintiff's commission percentage without a legitimate basis, often providing Plaintiff with little or no compensation during certain workweeks.

28. Plaintiff regularly worked in excess of forty (40) hours per week.

29. Despite this fact, Defendant only recorded the first forty (40) hours Plaintiff worked in each week.

30. As a consequence of these practices, Defendant regularly failed to pay Plaintiff minimum wage in violation of the FLSA and New York State requirements.

31. In addition to the depravation of earned wages and commissions set forth above, Plaintiff has been deprived of company stock and stock options which were granted to him upon being awarded Chairman Circle status as set forth in paragraph 21 above.

32. Upon information and belief, records verifying Defendant's unlawful practices are within its exclusive custody, possession, and control.

## V. COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges each and every allegation above as if specifically set forth herein.

34. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

35. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who work, or have worked, for Defendants.

36. At all times relevant herein, Plaintiff, and the other FLSA collective action Plaintiffs, are and have been similarly situated, have suffered similar job requirements and pay provisions, are and have been subject to Defendants' common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay compensation during workweeks and, as a consequence, failing to pay minimum wage and overtime pursuant to the FLSA.

37. Upon information and belief, there exist current and former employees who are similarly situated to this Plaintiff, whom, in violation of the FLSA, have been underpaid or not paid in a similar matter. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests, as well as his own interest in bringing this action.

38. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

39. Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policies and/or scheme to violate the FLSA whereunder they failed to provide compensation during workweeks and, as a consequence, failing to pay minimum wage and overtime pursuant to 29 U.S.C. §§ 206 and 207.

### VI. FEDERAL RULE OF CIVIL PROCEDURE 23 CLASS ACTION ALLEGATIONS

40. Plaintiff repeats and re-alleges each and every allegation above as if specifically set forth herein.

41. Plaintiff also brings his NYLL claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23 Class") comprised of all persons who work or have worked for Defendants in the State of New York at any time from the six (6) years prior to the filing of this Complaint to the entry of judgment in this case.

42. The persons in the Rule 23 Class are so numerous that joinder of all members is otherwise impracticable.

43. The persons in the Rule 23 Class are readily ascertainable. The names and addresses of such persons are readily available and can be obtained from Defendants for purposes of notice and any other purpose related to this action.

44. Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

45. The questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class include, but are not limited to:

    a. Whether Defendants unlawfully failed to properly compensate Plaintiff(s) in violation of and within the meaning of New York Labor Law Article 6, §190, *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    b. What policies, practices and procedures Defendants implemented regarding payment of compensation, including the underpayment or nonpayment of commissions; the underpayment or nonpayment of a minimum wage; and the underpayment or nonpayment of earned overtime premiums; and

    c. The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class.

43. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the Rule 23 Class work, or have worked, for Defendants in non-exempt positions; have had their rights to immediate possession to their wages wrongfully interfered with by Defendants; and have not been paid minimum wage in accordance with the law. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

44. Plaintiff's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be

sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of wrongful conversion of earned compensation and failing to pay minimum wage.

45. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

46. Plaintiff has retained counsel competent and experienced in both complex class actions and in labor and employment litigation.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the necessary duplication of efforts and expense that numerous individual actions beget. The adjudication of individual claims would result in a great expenditure of Court and public resources; conversely, treating the claims would result in significant costs savings. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' policies, practices and procedures. Although the relative damages suffered by the individual members of the Rule 23 Class are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior

because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

48. Current employees are often hesitant to assert their rights out of fear of direct or indirect retaliation. Former employees are reluctant to bring claims because doing so can harm their present and future employment and further efforts to obtain employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing risks.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA Violation)

49. Plaintiff repeats and realleges each and every allegation contained herein.

50. Defendant failed to compensate Plaintiff at the applicable minimum wage during certain pay periods.

51. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby and Defendant is indebted to Plaintiff in an amount to be determined at trial.

52. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendant.

## SECOND CLAIM FOR RELIEF
## (Failure to Pay Minimum Wage – New York Labor Law Violation)

53. Plaintiff repeats and realleges each and every allegation contained herein.

54. Defendant failed to compensate Plaintiff at the applicable minimum wage during certain pay periods.

55. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby and Defendant is indebted to Plaintiff in an amount to be determined at trial.

56. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendant.

## THIRD CLAIM FOR RELIEF
## (Failure to Pay Overtime – FLSA Violation)

57. Plaintiff repeats and realleges each and every allegation contained herein.

58. Defendant has been and remain to be an employer engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59. By virtue of Plaintiff's pay falling below the applicable minimum wage, Defendant was required to pay Plaintiff no less than 1.5 times the regular rate at which he was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

11

60. At all relevant times, Defendants had a policy and practice of not paying Plaintiff the proper overtime compensation for his hours worked in excess of 40 hours per workweek.

61. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

62. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff compensation.

63. Upon information and belief, Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

64. By reason of Defendant's breach of the Agreement, Plaintiff has been damaged in an amount to be determined at trial plus interest

### FOURTH CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

65. Plaintiff repeats and realleges each and every allegation contained herein.

66. By virtue of Plaintiff's pay falling below the applicable minimum wage, Defendant was required to pay Plaintiff 1.5 times his regular rate of pay for all hours he worked in excess of 40 per workweek under the Labor Law and supporting New York State Department of Labor Regulations.

67. Defendant failed to pay Plaintiff the overtime wages to which he was entitled, violating N.Y. Lab Law § 650.

68. Defendant willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff overtime.

69. By reason of Defendant's breach of the Agreement, Plaintiff has been damaged in an amount to be determined at trial plus interest

### FIFTH CLAIM FOR RELIEF
### (Breach of Contract)

70. Plaintiff repeats and re-alleges each and every allegation contained herein.

71. The commission agreement entered into by Defendant determined the amount of commissions to be paid to Plaintiff.

72. Defendant willfully breached the compensation plan by failing to compensate Plaintiff according to the commission structure set forth by the Agreement.

73. By reason of Defendant's breach of the Agreement, Plaintiff has been damaged in an amount to be determined at trial plus interest.

### SIXTH CLAIM FOR RELIEF
### (Willful Failure to Pay Commissions)

74. Plaintiff repeats and re-alleges each and every allegation contained herein.

75. The earned sales commissions Defendant was contractually obligated to pay Plaintiff, as set forth herein, constitute wages within the meaning of Sections 190, 191-a and 191-c of the New York Labor Law.

76. Defendant's failure to pay Plaintiff earned commissions as set forth in the Agreement was "willful" as that term is used in Article 6 of the New York Labor Law because Defendant was aware that it was required to pay Plaintiff according

to the compensation structure set forth in the Agreement.

77. Defendant's willful failure to pay Plaintiff earned commissions as set forth in the Agreement violates Article 6 of the New York Labor Law.

78. Pursuant to Section 191-c(3) of the New York Labor Law, Plaintiff is entitled to double damages, an award of reasonable attorneys' fees, court costs, and disbursements in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment – Plead in the Alternative)

79. Plaintiff repeats and realleges each and every allegation contained herein.

80. Periodically, throughout his employment Defendant failed to provide Plaintiff with compensation in the form of earned sales commissions, overtime compensation and statutory minimum wages.

81. As a result of such actions, Defendant has been unjustly enriched and Plaintiff has suffered, and continues to suffer, tangible economic damages.

## VIII. DEMAND FOR A JURY TRIAL

82. Plaintiff repeats and re-alleges each and every allegation herein of the Complaint with the same force and effect as if the same had been set forth at length herein.

83. Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff, respectfully requests that this Court grant the following relief:

a) A declaratory judgment stating that the practices complained of herein are each

unlawful under the Fair Labor Standards Act and the New York State Labor Law;

b) An award to Plaintiff and those similarly situated for earned but unpaid wages under the Labor Law and the FLSA and NYLL;

c) An award of liquidated damages as a result of Defendants' Labor Law and NYLL violations;

d) An award of double damages to Plaintiff and those similarly situated for earned but unpaid commissions under the NYLL;

e) An award of to Plaintiff returning the stock and stock options which were granted to him upon being awarded Chairman Circle status but to which he has been unlawfully deprived;

f) An award of pre-judgment and post-judgment interest;

g) An award of costs and expenses of this action, together with reasonable attorneys' fees and costs; and

h) Such other and further relief as this Court deems just and proper.

Dated: January 30, 2020
Bohemia, New York

ZABELL & COLLOTTA, P.C
*Attorneys for Plaintiff*

By: /s/ Saul D. Zabell, Esq.
Christopher K. Collotta
Ryan T. Biesenbach
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com
ccollotta@laborlawsny.com
rbiesenbach@laborlawsny.com