FILED
CLERK
2:15 pm, Jan 08, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

   -------------------------------X  Docket#
   CHRISTIAN BRABENDER,            : 20-cv-00536-JMA-SIL
                                   :
               Plaintiff,          :
                                   :
      - versus -                   : U.S. Courthouse
                                   : Central Islip, New York
   MARINEMAX, INC.                 :
                                   : December 8, 2023
               Defendant           : 2:07 p.m.
   -------------------------------X

      TRANSCRIPT OF CIVIL CAUSE FOR SETTLEMENT CONFERENCE
            BEFORE THE HONORABLE JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE


   A  P  P  E  A  R  A  N  C  E  S:



   For the Plaintiffs:         Saul Zabell, Esq.
                               Ryan M. Eden, Esq.
                               Zabell & Collotta, PC
                               1 Corporate Drive, Suite 103
                               Bohemia, NY  11716




   For the Defendants:         Evan Citron, Esq.
                               Ogletree, Deakins, Nash, Smoak
                                & Stewart P.C.
                               599 Lexington Avenue, 17th Fl.
                               New York, NY 10022




   Transcription Service:      Transcriptions Plus II, Inc.
                               61 Beatrice Avenue
                               West Islip, New York 11795
                               RL.Transcriptions2@gmail.com




   Proceedings recorded by electronic sound-recording,
   transcript produced by transcription service
```

2

Proceedings

1      THE CLERK:  2020-536, *Brabender v. Marinemax*.
2      Counsel, state your appearances for the record,
3 please.
4      MR. ZABELL:  For the plaintiff, Saul Zabell and
5 my partner Ryan Eden, and our client Christian Brabender.
6      THE COURT:  Good afternoon, everyone.
7      MR. EDEN:  Good afternoon, your Honor.
8      MR. CITRON:  Good afternoon, your Honor.  For
9 defendant Marinemax Incorporated, Evan Citron with
10 Ogletree Deakins.  I'm joined by defendant's
11 representative, Manny Alvare, who's defendant's vice
12 president of legal affairs.
13     THE COURT:  (Extremely low audio).  Wonderful.
14 Thank you.  I've read everything that I can in my file
15 and what I'd like to do is speak to you separately first.
16 Let me speak to the defendants.
17     MR. CITRON:  Sure.
18     THE COURT:  Maybe just counsel first.
19     MR. CITRON:  Sure, your Honor.
20     THE COURT:  Okay?
21     MR. CITRON:  Yes.
22     MR. ZABELL:  Would you like both of us
23 together?
24           (Off the record)
25     THE CLERK:  Okay.  Just make sure you're close

Proceedings

3

1  to that mic.
2          Re-calling 2020-536, *Brabender v. Marinemax*.
3  Okay.
4          MR. ZABELL:  For the plaintiffs, Saul Zabell
5  from the law firm of Zabell & Collotta.
6          Your Honor, thank you for your efforts today.
7  The parties have been able to reach a full and final
8  settlement of case number 20-cv-00536.
9          THE COURT:  Okay.  Let's just take Mr. Citron's
10 appearance too.
11         MR. CITRON:  Thank you, your Honor.  Evan
12 Citron with Ogletree Deakins for the defendant Marinemax,
13 Incorporated.
14         THE COURT:  And just note for the record that
15 Mr. Brabender is here.
16         MR. BRABENDER:  Yes, I'm here.
17         THE COURT:  Okay.  Good.  And with Mr. Citron
18 is Mr. Alvare.
19         MR. ALVARE:  Yes, your Honor.
20         THE COURT:  Okay.  All right.  Mr. Zabell?
21         MR. ZABELL:  Thank you, Judge.
22         Judge, the matter has been settled for the
23 total sum of $485,000 to be paid to Mr. Brabender and
24 $2,000 for each of the opt in plaintiffs in full and
25 final settlement of all claims raised in CV number 20-

Proceedings

4

1   00536 as well as any other claims under applicable state
2   law.
3              With respect to non-FLSA claims, the parties
4   agree to non-disparagement and defendant agrees that its
5   employees Larry Russo, Chuck Cashman, and Brett McGill
6   will honor defendant's non-disparagement obligations.
7              With regard to non-FLSA claims, the parties
8   agree to mutual confidentiality of this settlement
9   agreement.
10             THE COURT:  As to the non-FLSA claims?
11             MR. ZABELL:  Correct.
12             THE COURT:  Yes.
13             MR. ZABELL:  Payment provided for hereunder is
14  to be made between January 1st and January 12, 2024.  If
15  defendants are in breach of that payment provision, upon
16  notice given by email to Evan Citron, defendants have
17  five days to cure or be responsible for $1,000 a day for
18  each day it is late, the payment is not received beyond
19  January 12, 2024.  The payment will be broken down, the
20  payment to Mr. Brabender will be broken down as such.
21             One-third of the total amount will be paid as
22  attorneys fees to Zabell & Collotta and 1099 to the law
23  firm of Zabell & Collotta.  90 percent of the payment
24  will be considered liquidated damages and will be paid to
25  Mr. Brabender in the form of a 1099.  The remaining 10

5

Proceedings

1 percent will be paid as wages to Mr. Brabender for which
2 he will provide a W4 form and appropriate withholding
3 taxes will be made.
4     The $2,000 payments for each of the opt in
5 plaintiffs will be made as a 100 percent liquidated
6 damages and paid in a 1099 form made out to each one of
7 them.  W9 forms will be forthcoming for my law firm as
8 well as the individuals involved.
9     I believe that covers all the terms.  Did I
10 miss anything?
11     MR. CITRON:  Just the provision of the wiring
12 instructions as well.
13     MR. ZABELL:  Oh, and wiring instructions for
14 these payments will be provided to Mr. Citron.
15     THE COURT: Good.  All right.  Wonderful.  I
16 thank everybody for all their efforts.
17     Mr. Brabender, have you heard the terms of the
18 settlement as they pertain to you?
19     MR. BRABENDER:  I have.
20     THE COURT:  And are they satisfactory to you?
21     MR. BRABENDER:  They are.
22     THE COURT:  Has anybody forced you to enter
23 this settlement?
24     MR. BRABENDER:  They have not.
25     THE COURT:  Anybody overborne your will?

6

Proceedings

1        MR. BRABENDER:  No.
2        THE COURT:  Entering this settlement knowingly
3 and voluntarily?
4        MR. BRABENDER:  Yes.
5        THE COURT:  And are you satisfied with your
6 attorney's representation in this matter?
7        MR. BRABENDER:  Yes.
8        THE COURT:  Okay.  I guess, Mr. Alvare, I'll
9 ask you the same questions.  Are you satisfied with this
10 settlement?  As satisfied as anybody can be with a
11 settlement?
12       MR. ALVARE:  We are, your Honor.
13       THE COURT:  Okay.  And satisfied with the
14 counsel's representation?
15       MR. ALVARE:  We are.
16       THE COURT:  Okay.  Anybody force you to enter
17 this?
18       MR. ALVARE:  No.
19       THE COURT:  Okay.  All right.  Anything else,
20 Mr. Citron?
21       MR. CITRON:  No.  Thank you, your Honor.
22       THE COURT:  Anything else, Mr. Zabell?
23       MR. ZABELL:  Just --
24       THE COURT:  I'm approving this having
25 participated in the settlement discussions and the terms

7

Proceedings

1 are in compliance with the requirements of Cheeks, so I'm
2 approving the settlement.
3       MR. CITRON:  Thank you very much, your Honor.
4       THE COURT:  One more question.  Have you
5 consulted with the opt ins?
6       MR. CITRON:  Yes, we have.
7       THE COURT:  Good.  Thank you all.  I really
8 appreciate it.
9       MR. CITRON:  Thank you for your time.
10      THE COURT:  I think this is a good resolution.
11 Good to put this matter behind you before the holidays
12 and I wish you all well.
13      MR. CITRON:  You as well, Judge.
14      MR. BRABENDER:  Thank you, your Honor.
15      THE CLERK:  Thank you.
16      THE COURT:  Thank you.  Nice to meet you.
17           (Matter concluded)
18             -oOo-
19
20
21
22
23
24
25

8

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **6th** day of **January**, 2024.

_Mary Greco_
Transcriptions Plus II, Inc.